UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREGORY P. HARHAY and
ANNE E. HARHAY
    Plaintiffs

v.

NOAH H. STARKEY and
GERTRUDE M. STARKEY
    Defendants

CASE NO.: 3:08-CV-30229-MAP

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS ANNE E. HARHAY AND GREGORY P. HARHAY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NOAH H. STARKEY

Plaintiffs, Anne E. Harhay and Gregory P. Harhay ("Plaintiff" or "Harhay"), by counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's previous orders, presents their motion to this Court for entry of default judgment against the Defendant Noah H. Starkey ("Starkey") for continuing failure to provide any discovery responses whatsoever following this Court's order of June 16, 2009 requiring Defendant Noah H. Starkey to fully respond no later than June 26, 2009 and following this Court's Order of July 27, 2009 holding Defendant Noah H. Starkey in Contempt and requiring Defendant to provide responses to Plaintiff's Interrogatories and Request for Production no later than August 4, 2009 and following Notice of August 5, 2009 of Certificate of Non-Compliance with this Court's Order of July 27, 2009 and following this Court's Order of August 24, requiring Defendant Noah H. Starkey to pay counsel fees no later than September 4, 2009.

In support thereof, Plaintiffs state as follows:

INTRODUCTION

This Court has ordered Defendant Noah H. Starkey to respond to discovery requests, has entered a separate Order holding Defendant Noah H. Starkey in Contempt for failing to comply with prior Order and has been provided with notice as to Defendant Noah H. Starkey's non-compliance with its Orders. Despite Orders of this Court, Defendant Noah H. Starkey has outright failed to comply or attempt to address any Court required compliance whatsoever. To the date of this filing, Defendant Noah H. Starkey has failed and refused to meet any of his obligations to this Court and to the Plaintiffs.

FACTS

Procedural History, Discovery Failures, and Motions Practice to Date

Plaintiffs filed the instant action on December 4, 2008. Defendant, who as licensed Attorney in Massachusetts and Connecticut and who is appearing in this matter Pro Se, filed his answer on January 22, 2009. An initial scheduling conference was held on February 27, 2009 and at that time the Court established a schedule for all matter including discovery. The deadline for completion of discovery currently eight weeks away, on October 30, 2009.

Plaintiff served the first set of interrogatories and first request for production of documents on the Defendant, Noah H. Starkey, ("Defendant") by request dated February 18, 2009. Defendant Noah H. Starkey failed to provide any information requested by the discovery requests. By correspondence dated April 20, 2009, April 21, 2009 and April 22, 2009, effort was made to attempt to amicably resolve the discovery dispute. By telephonic voice messages attempt was made to engage in a telephonic discovery conference with Defendant. By further

correspondence dated April 27, 2009 and April 29, 2009, effort was made to attempt to amicably resolve the discovery dispute. On Friday, May 1, 2009 at 10:00 a.m., the time provided to the defendants both telephonically and by letter for conduct of a discovery conference, a call was generated to defendant's designated telephone number in order to conduct the conference. Defendant did not answer.

By further correspondence dated May 21, 2009 a further final effort was made to engage in a telephonic conference and such effort was disregarded by defendant. On June 2, 2009 Plaintiff's filed a Motion to Compel Discovery from Defendant Noah H. Starkey together with Memorandum in Support. On June 15, 2009, Defendant Noah H. Starkey filed his response to the Plaintiff's Motion to Compel. On June 16, 2009 Magistrate Judge Neiman Ordered Defendant Noah H. Starkey to fully respond to Plaintiff's Interrogatories and Request for Production of Documents no later than June 26, 2009. Defendant Noah H. Starkey never provided any response whatsoever and never made any effort to abide by an Order of this Court. On June 29, 2009 Plaintiff filed a Motion for Contempt relative to Defendant Noah H. Starkey for Failure and Refusal to Comply with this Court's June 16, 2009 Order. Defendant Noah H. Starkey did not respond.

On July 27, 2009 Magistrate Judge Neiman entered an Order holding Defendant Noah H. Starkey in Contempt and requiring that Defendant "shall provide responses to Plaintiff's Interrogatories and Request for Production of Documents no later than August 4, 2009." On August 5, 2009, Plaintiffs provided notice of non-compliance with this Court's Order of July 27, 2009 by Affidavit of Certificate of Notice of Non-Compliance. By Order entered August 24, 2009, Magistrate Judge Neiman entered an Order requiring payment of counsel fees no later than

September 4, 2009. As of September 4, 2009 Defendant has failed to comply with that Order of the Court and notice of non-compliance has been filed.

While Defendant Noah H. Starkey has had no problem presented numerous discovery requests of his own and apparently ghost-writing pleadings and discovery documents for his Pro Se co-defendant, he nevertheless has failed and refused to comply with any of the direct Orders of this Court as described above. Plaintiffs I have made numerous attempts in good faith to resolve or narrow these discovery issues and resolution of these issues has not occurred. The Court in response to Motions regarding Defendant's failures has entered Order after Order and each such Order has been willfully ignored by Defendant Noah H. Starkey. To date Defendant Noah H. Starkey has not provided any information requested in response to the requests made and direct Orders of this Court for compliance.

ARGUMENT

<u>Legal Standard for Entry of Default Judgment</u>

The primary codified sources of authority to impose sanctions in civil litigation are 28 U.S.C. s. 1927 and Fed. R. Civ. P. 11, 16, 41, and 56(g). Sanctions relating to discovery are authorized by Fed. R. Civ. P. 26, 30, 32(d), 33(b)(3)-(4), 34(b), 35(b)(1), 36(a), and, most prominently, Rule 37.

Under Federal Rule 37(b), "rendering a default judgment against the disobedient party" is a remedy available to the Court and Defendant Noah H. Starkey's continued violations of the discovery rules and repeated failure to follow the Court's orders. The Courts have typically instructed that the factors to consider in applying these sanctions are (1) whether the non-complying party acted in bad faith, (2) the prejudice suffered by the other party, (3) the need for

deterrence, and (4) the effectiveness of less drastic sanctions. Mutual Fed. Sav. & Loan Assoc. v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Each of these factors supports the entry of default judgment in this case.

A. Bad Faith

Defendant Noah H. Starkey's bad faith is apparent on a review of this Court's previous orders with which he has failed to comply, and Plaintiff's months of pursuit of reminders and fruitless pursuit of any discovery responses whatsover. Further, to the date of this motion, Defendant Noah H. Starkey, a licensed attorney, has generated numerous and voluminous pleadings and discovery requests and motions on behalf of both himself and apparently, due to the nature of the submittals, as a ghost-writer for his Pro Se partner Defendant, wife Gertrude M. Starkey a/k/a Gertrude H. Starkey and has engaged in outrageous conduct involving direct contact and providing threats and legal assertions to Plaintiffs who are represented by counsel resulting in Order of this Court preventing any further contact. The most obvious demonstration of Defendant Noah H. Starkey's bad faith is his continued failure to provide any discovery documents whatsoever.

B. Prejudice

The prejudice to Plaintiff's as a result of Defendant Noah H. Starkey's noncompliance is substantial. As demonstrated by the voluminous papers generated by Defendant Noah H. Starkey on his own behalf and apparently on behalf of his co-defendant while failing to provide any responses to requests or to direct Orders of this Court, discovery deadline is looming and costs and delays in this action have risen greatly. Plaintiffs have been forced to direct extensive energy at seeking discovery responses and lacking document and discovery responses notwithstanding

direct Orders of this Court such actions have not improved Plaintiffs' understanding and analysis of the financial misdeeds of the Defendants.

C. Need for Deterrence

This Court granted Plaintiffs' motions and entered Orders requiring compliance on June 16, 2009, July 27, 2009 and August 24, 2009, all of which Defendant Noah H. Starkey has ignored. By his continuing failures to provide any discovery whatsoever, and failure to comply with all subsequent Orders of this Court, Defendant Noah H. Starkey has violated Rules 33 and 34, and has disregarded specific and direct orders of this Court.

The district court has wide discretion to impose sanctions for a party's failure to comply with discovery orders and the entry of default is the next step in the natural progression of sanctions in this case, and is necessary to deter Defendant Noah H. Starkey as a litigant and as a licensed attorney, generally, from ignoring court orders. Parties should not and cannot be permitted to so freely disregard the Federal Rules of Civil Procedure, and the direct orders of the Court. See Mutual Federal Sav. & Loan Assoc. v. Richards & Assoc., Inc., 872 F.2d 88, 93 (4th Cir. 1989) (behavior such as "stalling and ignoring direct orders of the court ... must obviously be deterred.")

The need for deterrence is great when litigants behave with such gross disregard for the rules of civil procedure, the Court's orders, and the rights of other parties. If litigants routinely followed the example set by the defendant in this case, the civil justice system would be unable to function. Indeed, the strong need for deterrence, combined with the substantial prejudice suffered by Plaintiff and the bad faith of Defendant Noah H. Starkey must lead this Court to believe that default judgment is an appropriate sanction regardless of whether less drastic sanctions might be effective to induce compliance.

D. The Ineffectiveness of Less Drastic Sanctions

At this stage, monetary sanctions are insufficient to redress the wrong in this case. Plaintiffs have been faced with significant increases of time and costs resulting entirely from Defendant's willful non-compliance, outrageous behavior and unwillingness to comply with the Federal Rules and with multiple court orders. The appropriate remedy is entry of a default judgment against Defendant Noah H. Starkey.

E. Defendant Noah H. Starkey is in Contempt of Court

Plaintiffs have followed the natural progression of Rule 37. In addition to Defendant Noah H. Starkey's prolonged and multi-faceted violation of the Federal Rules of Civil Procedure, he is also in contempt of court. His actions to date have violated, and continue to violate, this Court's orders of June 16, 2009, July 27, 2009 and August 24, 2009.

CONCLUSION

WHEREFORE, for the foregoing reasons, Pacel respectfully requests the court to enter a default judgment pursuant to Rule 55(b)(2), against Defendant Noah H. Starkey on Plaintiff's Complaint and as to liability and hold in abeyance the determination of damages and the entry of final default judgment until the question of Gertrude M. Starkey a/k/a Gertrude H. Starkey's liability has been resolved.

Plaintiffs,
By their attorney,

/s/ Lawson Williams

---
Lawson Williams (BBO #545367)
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824
(978) 256-1500
Dated: September 4, 2009

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the ECF system will be sent this day via first class mail postage prepaid to:

Defendant Gertrude M. Starkey a/k/a Gertrude H. Starkey
And Defendant Noah H. Starkey
117 Grissom Road
Manchester, CT 06042

s/ Lawson Williams

---
Lawson Williams

Dated: September 4, 2009