UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GREGORY P. HARHAY and ANNE E. HARHAY , | : | Case Number |
| Plaintiffs | : | 3:08-CV-30229-MAP |
| V. | : | |
| NOAH H. STARKEY and GERTRUDE M. STARKEY, | : | OCTOBER 5, 2009 |
| Defendants | : | |

## DEFENDANT GERTRUDE M. STARKEY'S MEMORANDUM IN SUPPORT OF HER MOTION FOR SANCTIONS AND AN ORDER TO HOLD THE PLAINTIFF ANNE E. HARHAY IN CONTEMPT OF COURT FOR HER FAILURE AND REFUSAL TO COMPLY WITH THE COURT'S SEPTEMBER 11, 2009 ORDER

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1 of the

Local Rules of the United States District Court for the District of Massachusetts the Defendant

Gertrude M. Starkey respectfully submits this memorandum in support of her motion for

sanctions and an order to hold the Plaintiff Anne E. Harhay in contempt of court for her failure

and refusal to comply with this Court's order entered on September 11, 2009.

### NATURE OF CASE AND RELEVANT FACTS

The subject civil action was filed on December 4, 2008. The summons, together with a

copy of the complaint, was served on this Defendant's younger son during January, 2009. He

was so upset that he did not disclose the service of papers to his parents for over a week. The

complaint sets forth twenty-three counts, twelve of which make claims against the Defendant

Gertrude M. Starkey, and includes allegations of conversion, interference with property, fraud,

negligence, infliction of emotional distress, misrepresentation and breach of fiduciary duty. The

Plaintiffs allege interests in certain probate estates by virtue of family relationship. The Plaintiffs cite diversity of citizenship as the basis of this Court's jurisdiction.

On January 22, 2009 this Defendant filed her Answer and Special Defenses to the Plaintiffs' Complaint, including a Fourth Special Defense alleging that the Plaintiffs have waived any right to receive any tangible personal property from the subject estates, they having already taken or received at least, if not more than, their agreed upon shares thereof and any shares either of them might have been entitled to as heirs-at-law or estate beneficiaries, and including a Fifth Special Defense alleging that the Plaintiffs, as adults, each received hundreds of thousands of dollars in advancements from Gertrude Harhay, Anne Marie D'Amour and Yvette T. D'Amour during their lifetimes, and that any interest that either of them may have as estate beneficiaries or as heirs-at-law of said persons have been paid, satisfied and/or adeemed.

Under date of June 22, 2009 and received by Plaintiffs' counsel on June 23, 2009 this Defendant served her "First Request for the Production of Documents Addressed to the Plaintiff Anne E. Harhay." Under date of June 26, 2009 and received by Plaintiffs' counsel on June 27, 2009 this Defendant served her "First Set of Interrogatories Addressed to the Plaintiff Anne E. Harhay." The Plaintiff Anne E. Harhay's responses were replete with wholesale and at times repetitive objections, boilerplate objections, qualifications, reservations and conditions, as well as with incomplete and/or non-responsive answers. Her objections continue to be interposed in her answer dated September 24, 2009.

Under date of July 21, 2009 the Plaintiff Anne E. Harhay served general objections to all of the interrogatories; claimed qualifications and conditions to all of her responses; submitted qualified, repetitive and non-responsive answers to some interrogatories (1, 2, 4, 13, 14, 22, 24, 25); additional objections to some interrogatories (5, 6, 7, 11, 12, 15, 16, 17, 19, 20, 21 ); and

incomplete and/or non-responsive answers to other interrogatories (3, 7, 8, 9, 12, 16, 17, 18, 20, 23).

Additionally, by way of qualified production, this Plaintiff sent an undifferentiated pile of document copies limited to probate records, copies of the affidavits filed by the Plaintiffs with their complaint in this action and a limited number of bank account records. The Plaintiff failed to segregate the documents so as to identify the specific request for production by the number to which the produced documents purportedly responded, despite a specific request that she do so (paragraph 13 of the "Definitions & Instructions" portion of this Defendant's request) and is required by Fed.R.Civ.P. 34(b)(2)(E). Instead, the Plaintiff Anne E. Harhay simply attached a cover sheet indicating that the papers produced were responses to document requests 1, 2, 3, 4, 6, 15, 16, 17, 20, 21, 22, 23, 25, 30, 32, 33, 35, 36, 38, and 39.

By motion dated and filed August 21, 2009 this Defendant moved to compel discovery from the Plaintiff Anne E. Harhay. By court order entered on September 11, 2009 this Court granted the motion to compel with respect to Interrogatory Nos. 3, 11, 19, 20 and 21, as well as to this Defendant's Document Requests 10 and 11. The Plaintiffs were further ordered "to specify with particularity to which Requests the documents previously produced, as well as those documents to be produced as a result of this ruling, are responsive." The Plaintiffs were to comply by September 25, 2009.

By her response dated September 24, 2009 and served September 25, 2009 the Plaintiff Anne E. Harhay refused, neglected and failed to comply with this Court's September 11, 2009 order with regard to the interrogatories as is more particularly set forth hereinafter. A copy of her qualified "supplemental" responses to the interrogatories is attached and marked Exhibit A. She also failed to comply with this Court's order regarding the specification of particularity to which

requests the documents previously produced were responsive. A copy of her "First Supplemental Response to Gertrude M. Starkey's First Request for Production of Documents" is attached and marked Exhibit B. It reveals the failure to specify ordered by the Court and the fact that no additional documents were produced.

This plaintiff also continued to interpose all of her objections to the discovery requests, including to her "supplemental" answers ordered by the Court, stating as much in her introductory paragraph to both her answers to the interrogatories and her responses to my Request for Production. This is typical of her obstructionist pattern rendering the use of her discovery responses subject to all sorts of future qualifications and limitations in the event of further proceedings and trial. Her continuing pattern of interposing objections is likely the result of the difference in the language between the Court's orders directed at the Defendants and those directed to the Plaintiffs with regard to discovery compliance. The Court ordered blanket compliance by the Defendants, directing answers to be made without the interposition of objections. It ordered limited and selective compliance by the Plaintiffs, without any limitations on the continuation of objections or reservations. The Plaintiffs and their counsel obviously viewed this as a favorable consequence and assumed that they could continue with their wholesale, general and particular objections, thereby impeding this Defendant from any reliable use of their limited disclosure.

### LOCAL RULE 37.1(b) STATEMENT

Plaintiffs' counsel, Lawson Williams, informed me by his letter dated July 28 that with regard to discovery issues he would only communicate in writing by first class mail, thereby rendering a Rule 37 conference impossible. He advised that "as to any discovery issues that you believe need to be addressed, those issues will all need to be dealt with in writing, such that you

are directed to kindly provide same in writing to me by first class mail…" A copy of his letter is attached and marked Exhibit C. He made it clear that he would refuse to participate in a Rule 37 discovery dispute conference. His July 28, 2009 position was consistent with his conduct since May 1, 2009 which was marked by his repeated refusals of multiple offers to meet to resolve outstanding discovery disputes. These offers to meet and his corresponding refusals are a matter of record in this case and need not be belabored.

## STATEMENT OF POSITION AS TO CONTESTED ISSUES

The following are this Defendant's positions with regard to the primary failures of the Plaintiff Anne E. Harhay to comply with this Court's order of September 11, 2009. They include the Plaintiff Anne E. Harhay's "supplemental" answers to Interrogatories Nos. 11, 19 and 20. In accordance with the applicable provisions of Local Rule 37.1, each interrogatory, each answer in response thereto and this Defendant's statements of position are set forth hereinafter. As to this Plaintiff's failure to specify responsiveness particularity regarding her previously produced records, this Defendant relies upon its complete absence from her response as is evidenced in Exhibit C.

(1) As to Interrogatory No. 11:

## **DEFENDANT GERTRUDE STARKEY'S INTERROGATORY NO. 11:**

Identify all of your sources of income and assets as of June 1, 1974 to the present date; and in your response provide detail including but not limited to the amount of income received on a monthly and annual basis, the source of that income, and the nature and value of any assets.

## SUPPLEMENTAL ANSWER NO.11

Plaintiff does not maintain journals or other contemporaneous logs relative to the above inquiry such that Plaintiff has no specific recollections sufficient to provide an accurate response to the detail of the question that extends for a period of in excess of thirty-five years. However, to the extent that records are maintained Plaintiff refers Defendant to income/asset records relative to the foregoing inquiry that have been produced and which supplemental records are produced as supplemental response to document requests and such documents included many and any or all documents which contain information relating to the instant transaction and inquiry and have been produced pursuant to Plaintiff's response to Defendant's Request for Production of Documents and supplementation thereof and said documents speak for themselves.

**DEFENDANT GERTRUDE STARKEY'S STATEMENT OF POSITION AS TO THE PLAINTIFF ANNE E. HARHAY'S SEPTEMBER 24, 2009 ANSWER TO INTERROGATORY NO. 11**

The Plaintiff Anne E. Harhay was required to provide a complete answer to this Interrogatory. The interrogatory requests disclosure of discrete information and contains the exact same language regarding the sources of income and assets that the Plaintiff Gregory P. Harhay used in addressing his Interrogatory No. 16 to this Defendant under date of February 18, 2009, and which interrogatory this Defendant was ordered to, and did, answer.

This Plaintiff claims that she has "no specific recollections sufficient to provide an accurate response" with regard to the amount or sources of her income and assets as an adult. This answer cannot have been made in good faith. In short, it is a lie.

She is a public school teacher and as an adult has been employed by the Board of Education of the City of Hartford, Connecticut and the Board of Education of the Town of Ellington, Connecticut. She is currently employed as a teacher in Hartford. She has derived income from other employers and activities as well. If not actually in her possession, her income, banking and tax records have been readily available to her. She owns her own home as well as other assets. Her claims of a completely faulty memory are not credible. She did not make even a feeble attempt to answer the interrogatory. Is she to be believed when she states --- under oath --- that she can't even recall her earnings for the current or last few years? That she does not have recent pay records, bank records and tax returns or access to them? That she has

no idea as to the nature and value of any of her assets? That she has no idea as to the value of her residence or of the fact that her mother and aunts gave her 100% of the money needed to acquire that residence? What competent person would not be able to identify his or her home and its approximate value? What competent person would forget the sources of the money used to acquire one's primary residence, especially if 100% of its purchase price was paid for by one's mother and aunts? And what is the role of her attorney in preparing and assisting her to serve this obviously perjurious answer?

She further refers this Defendant, without any particular identification, to "income/asset records relative to the forgoing inquiry that have been produced." Attached and marked Exhibit D, are all of the document copies produced by the Plaintiff Anne E. Harhay in July of 2009. No additional documents were produced in response to the Court's September 11, 2009 order. They are only in the most obscure and minimal fashion indirectly responsive to the subject interrogatory.

Additionally, this is not a recognized or authorized manner by which to respond to the subject interrogatory. F.R.Civ.P. 33(d) does provide an option to produce business records when "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." In appropriate circumstances, highly unlikely to be present in the present context, the responding party may answer by: "(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party (here, this Defendant) to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or

summaries." This Plaintiff did not even attempt to invoke this possible option when she served her original answer to Interrogatory No. 11 during July or when she served her supplemental answer on September 25. She presented no evidence or argument that it would be applicable in the circumstances, never specified the records that must be reviewed and never gave this Defendant a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts or summaries of any such records.

This Plaintiff's continuing refusal to answer the most basic interrogatories in a complete and truthful manner impedes this Defendant in her preparation for further proceedings and trial.

The interrogatory requests the disclosure of information which relates to the claims and issues raised in this Defendant's Fourth and Fifth Special Defenses, which include allegations that the Plaintiff received hundreds of thousands of dollars in advancements. Information sought in discovery is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d. Cir. 1991). The Federal Rules of Civil Procedure provide for liberal discovery, in the interest of a just and complete resolution of disputes. See *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422 (Fed. Cir. 1993). The prevailing standard for proper discovery is contained in Fed.R. Civ. P. 26(b), which allows for the discovery of relevant information, with relevance defined broadly to include requests for information that are "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). Rule 26(b) is to be broadly construed. See *Katz*, 984 F.2d at 424.

The subject interrogatory requests disclosure of information which is not only reasonably calculated to lead to the discovery of admissible evidence but is likely to be admissible in its own right with regard to the issues raised by this Defendant's Fourth and Fifth Special Defenses.

This Defendant's ability to prepare her defense and case is severely impeded by this Plaintiff's intentional refusal to answer this Interrogatory.

(b) As to Interrogatory No. 19:

## DEFENDANT GERTRUDE STARKEY'S INTERROGATORY NO. 19:

State in detail all of the expenses you have incurred, whether paid by you or not as of the present date, for the costs and attorneys fees which you allege you have incurred in the subject action and for which you are seeking reimbursement from the Defendants in the above-entitled civil action; and please state the dates on which you made any payments for such expenses, the dates on which you received bills or invoices for any such expenses and the terms of any contract for the provision of legal and/or related services rendered or to be rendered on your behalf in the above-entitled action.

## SUPPLEMENTAL ANSWER NO.19

Plaintiff does not maintain journals or other contemporaneous logs relative to the above inquiry such that Plaintiff has no specific recollections sufficient to provide an accurate response to the detail of the question but states that pursuant to retainer agreement of counsel and attorney of record for an hourly rate of $175.00 for prosecution of claims against my sister Gertrude Starkey and brother-in-law Attorney Noah Starkey for concealment, conversion and dissipation of assets and to pursue claims against Defendants Noah and Gertrude Starkey who by their actions have separately and/or in concert sought to convert and retain for their own purposes property as to which I have an interest all at my expense and have caused me to suffer damages thereby and loss of monies as to which I am reasonably entitled and as to which have been unreasonably withheld from me and converted by Defendants for their own use and who acting separately and/or in concert have sought to fraudulently conceal assets as to which I have an interest for the purpose of depriving me of rights to same without authority or right and who acting separately and/or in concert have sought to defraud me of the right of possession and interest in property, real and personal, tangible and intangible and who have negligently failed to comply with applicable law or to act in such a way as to protect the property interests and rights belonging to me and who by their actions have negligently misrepresented matters pertaining to my property interests and rights to me and who by their actions have intentionally misrepresented matters pertaining to my property interests and rights to me and who by their actions have breached their fiduciary duty to me on which I was entitled to reasonably rely and have failed to comply with applicable law or to act in such a way as to protect the property interests and rights as to which I hold an interest. I retained counsel of record, formerly associated with Ornell Law Office, PC, and Plaintiffs together tendered $1500 and subsequently on or about February 2009 Plaintiffs tendered an additional $1500.00.

**DEFENDANT GERTRUDE STARKEY'S STATEMENT OF POSITION AS TO THE PLAINTIFF ANNE E. HARHAY'S SEPTEMBER 24, 2009 ANSWER TO INTERROGATORY NO. 19**

The Plaintiff Anne E. Harhay was required to provide a complete answer to this Interrogatory. The interrogatory requests disclosure of discrete information.

This Plaintiff claims that she has "no specific recollections sufficient to provide an accurate response" with regard to the expenses incurred and/or paid by her in the current litigation and for which she is seeking reimbursement from me. This is simply not credible and cannot have been made in good faith. In short, it is a lie. And what is the role of her attorney in preparing and serving this perjurious answer? Does he not send his client bills? Does he not keep records of invoices and payments received? Does this Plaintiff not have any financial records from 2008 and 2009 which she can consult to determine the answer to that part of the question posed as to any actual payments? Does she not keep bills received from her counsel of record? How can she in twelve counts maintain twelve separate demands for attorneys fees and expenses from me in the pending civil action when she states *under oath* that she has no specific recollections of them sufficient to provide an accurate response?

Instead of answering this simple question, this Plaintiff launches into a personal diatribe which is a hallmark of all of her discovery responses. She then refers to the Plaintiffs' joint tendering of money at some unspecified time when her current attorney of record was apparently associated with "Ornell Law Office, PC" and to a subsequent joint tendering of money. She

never provides a response to the interrogatory: she provides no dates of any payments, no dates on which she received bills or invoices for any litigation expenses and no information regarding the amount of any actual payments made by her.

This Plaintiff has made twelve separate claims for attorneys fees and costs from this Defendant based on her allegations in the subject civil action. The interrogatory is not vague, ambiguous or unintelligible: it clearly requests that the Plaintiff state in detail all of the expenses which she has incurred, whether or not paid by her or whether or not paid as of the present date, for the costs and attorneys fees which she is seeking reimbursement from this Defendant. This Defendant is entitled to the requested information regarding the Plaintiff's claimed damages. It is obviously relevant. This Plaintiff's intentional refusal and failure to provide a complete and accurate answer to the interrogatory impedes this Defendant's preparation of her case and defense

Fed.R.Civ.P. 33 required that the Plaintiff provide a complete and responsive answer. She failed to do so. Instead, she provide a false and perjurious response.

(c)     As to Interrogatory No. 20:

### DEFENDANT GERTRUDE STARKEY'S INTERROGATORY NO. 20:

Identify and describe in detail any medical, hospital, counseling or other health related treatment you claim to have received or which was rendered on your behalf in connection with the losses and injuries which you have claimed in your Complaint filed in the above-entitled action; and please state for each such service or treatment
   (a) The date of each such treatment;
   (b) The name, address and telephone number of each person providing such treatment;
   (c) The substance of such treatment; and
   (d) The cost of such treatment

## SUPPLEMENTAL ANSWER NO.20

I have been damaged by Defendants as described in my claims against my sister Gertrude Starkey and brother-in-law Attorney Noah Starkey for concealment, conversion and dissipation of assets and to pursue claims against Defendants Noah and Gertrude Starkey who by their actions have separately and/or in concert sought to convert and retain for their own purposes property as to which I have an interest all at my expense and have caused me to suffer damages thereby and loss of monies as to which I am reasonably entitled and as to which have been unreasonably withheld from me and converted by Defendants for their own use and who acting separately and/or in concert have sought to fraudulently conceal assets as to which I have an interest for the purpose of depriving me of rights to same without authority or right and who acting separately and/or in concert have sought to defraud me of the right of possession and interest in property, real and personal, tangible and intangible and who have negligently failed to comply with applicable law or to act in such a way as to protect the property interests and rights belonging to me and who by their actions have negligently misrepresented matters pertaining to my property interests and rights to me and who by their actions have intentionally misrepresented matters pertaining to my property interests and rights to me and who by their actions have breached their fiduciary duty to me on which I was entitled to reasonably rely and have failed to comply with applicable law or to act in such a way as to protect the property interests and rights as to which I hold an interest.

Plaintiff does not maintain journals or other contemporaneous logs relative to the above inquiry such that Plaintiff has no specific recollections sufficient to provide an accurate response to the detail of the question and does not have information to respond to the inquiry as presented as Plaintiff is not currently being treated in a manner requested by this inquiry but will supplement should information change, be located or obtained sufficient to provide the specific information requested.

**DEFENDANT GERTRUDE STARKEY'S STATEMENT OF POSITION AS TO THE PLAINTIFF ANNE E. HARHAY'S SEPTEMBER 24, 2009 ANSWER TO INTERROGATORY NO. 20**

The Plaintiff Anne E. Harhay was required to provide a complete answer to this Interrogatory. The interrogatory requests disclosure of discrete information.

This Plaintiff claims that she has "no specific recollections sufficient to provide an accurate response" with regard to any medical, hospital, counseling or other health related treatment which she may have received in connection with the losses and injuries which she is claiming in her Complaint. This is simply not credible and cannot have been made in good faith. In short, it is a lie. How can this Plaintiff institute a civil action in 2008 and claim damages for emotional distress incurred since September 1, 2007 and have "no specific recollections sufficient to provide an accurate response" with regard to any treatment her such injuries? Any such treatment would necessarily have been received since September 1, 2007 according to the allegations of her Complaint. Her answer is not only evasive, it is false. What is the role of her attorney in preparing and serving this perjurious answer? If she neither sought, nor received any of the described treatment, why could she not state as much? The only thing she discloses is the she is able to remember that as of September 24, 2009 she is not "currently being treated in a manner requested by this inquiry." Her answer, however, leaves open myriad possibilities of treatment, expenses and potential claims for monetary damages.

The Plaintiffs have filed a twenty-three count complaint, including twelve counts against this Defendant. In Count 6 and 8 this Plaintiff alleges that since September 2007 her health and

well-being have suffered as a result of this Defendant's actions. She claims to have suffered "severe damages and emotional distress" as a result of this Defendant's alleged negligent and intentional infliction of emotional distress. This Defendant is entitled to the requested information regarding the Plaintiff's claimed damages. It is obviously relevant. This Plaintiff's failure to answer this interrogatory completely and truthfully seriously impede this Defendant's ability to prepare her case and defense to this Plaintiff's claims.

Moreover, instead of answering the discrete question posed to her, she proceeds to launch a personal attack and diatribe against me, typical of her court filings. She continues with her campaign to poison the Court's opinion of me.

Fed.R.Civ.P. 33 and the Court's September 11, 2009 ruling required that the Plaintiff provide a complete and responsive answer. She refused to provide a responsive answer and chose to serve a false one *under oath* replete with non-responsive invective.

(d)  As to Interrogatory No. 21:

### DEFENDANT GERTRUDE STARKEY'S INTERROGATORY NO. 21:

Identify any bank account into which Gertrude Harhay deposited money or of which she was an account holder and to which you had access since December 1, 1999, whether before or after the death of Gertrude Harhay, and for each such account state and/or describe:

(a) The name and address of the bank with which such account was maintained;
(b) The account number;
(c) Each deposit made by you into any such account by you from your earnings;
(d) Each withdrawal made by you from any such account, including the amount thereof; and
(e) The current balance of any such account.

**SUPPLEMENTAL ANSWER NO.21**

Plaintiff does not maintain journals or other contemporaneous logs relative to the above inquiry such that Plaintiff has no specific recollections sufficient to provide an accurate response to the detail of the question that extends for a period of approximately ten years and nearly all of those years, specifically, approximately five and one-half years, Gertrude Harhay had been deceased and therefore could not have deposited money. Plaintiff has no information or knowledge sufficient to supplement the foregoing but will supplement should information change, be located or obtained sufficient to provide the specific information requested.

**DEFENDANT GERTRUDE STARKEY'S STATEMENT OF POSITION AS TO THE PLAINTIFF ANNE E. HARHAY'S SEPTEMBER 24, 2009 ANSWER TO INTERROGATORY NO. 21**

The Plaintiff Anne E. Harhay was required to provide a complete answer to this Interrogatory. The interrogatory requests disclosure of discrete information.

This Plaintiff claims that she has "no specific recollections sufficient to provide an accurate response" with regard to joint bank accounts standing in the names of Gertrude Harhay and this Plaintiff since December 1, 1999, including withdrawals made by this Plaintiff from any such account after the death of Gertrude Harhay. This is simply not credible and cannot have been made in good faith. In short, it is a lie. How can this Plaintiff institute a civil action in 2008 and claim damages for monies claimed to be due from the Estate of Gertrude Harhay and have "no specific recollections sufficient to provide an accurate response" with regard to any joint bank accounts maintained by Gertrude Harhay with this Plaintiff, and particularly with respect this Plaintiff's withdrawals of cash from any such accounts since January 2004? Does she not have access to her own financial and bank records to refresh her claimed deficient memory?

The subject interrogatory requests disclosure of information which is not only reasonably calculated to lead to the discovery of admissible evidence but is likely to be admissible in its own right with regard to the issues raised by this Defendant's Fourth and Fifth Special Defenses. This Defendant's ability to prepare her defense and case is severely impeded by this Plaintiff's intentional refusal to answer this Interrogatory.

Fed.R.Civ.P. 33 and this Court's September 11, 2009 order required that this Plaintiff provide a complete and responsive answer. She failed to do so. Instead, she provided an evasive and false response.

## CONCLUSION

By her qualified, paltry, false and evasive responses, the Plaintiff Anne E. Harhay has effectively prevented any meaningful discovery by this Defendant. There has been no bona fide attempt to comply with any of the Defendants' discovery requests. She and her counsel have mercilessly hounded me about discovery. I did my best to comply with the Court's order and was immediately met with a harassing telephone call from Plaintiffs' counsel on July 6, 2009 within a few hours of having caused my verified interrogatory responses and original documents to be hand-delivered to his office in Chelmsford for his inspection, review and copying, as well as by a Motion for Contempt. I deliver original documents in accordance with the Court's order, and the plaintiffs feel free to avoid any such obligation. I sign my responses under oath and provide my original verified signature to my responses and the Plaintiffs feel free to avoid providing any such originals as is required by the rules. Yet, they apparently feel confident that they will not be required to comply with my requests and thereby feel free to avoid any meaningful compliance and to lie. This plaintiff has clearly lied under oath; her counsel has assisted her in using those lies as a stonewall to meaningful disclosure having in his own possession some of the requested but withheld information; and her counsel has lied about the nature and number of document copies produced. He has obviously encouraged his client to lie. Did he not probe her memory when she allegedly claimed to have no recollection about her income or assets? Did he not try to refresh her deficient memory about the bills he had rendered to her in regard to the pending action since 2008? In a divorce proceeding the parties are

routinely required to prepare and file financial affidavits. What attorney would ever consider allowing his or her client to file an affidavit stating that the client had "no specific recollection sufficient to provide an accurate response" about income and assets unless the client were so mentally impaired or compromised as to render the statement believable? And, even in those circumstances, would the client even be capable of signing such an affidavit? Would not a guardian or conservator be appointed who could reliably sign any required affidavit?

Yet, that is exactly what has occurred in this case. A competent adult has clearly signed a false affidavit and her attorney has assisted her in doing so. These conclusions may be harsh, but they are sadly unavoidable in the circumstances.

This Defendant's ability to prepare her case, her defense to the Plaintiffs' baseless allegations and for further proceedings in the pending civil action, including discovery, have been severely impeded and compromised by this Plaintiff's stonewalling and perjury.

The Plaintiff Anne E. Harhay should be adjudicated in contempt of Court; her case should be dismissed with prejudice; she should be ordered to pay for all of my costs and expenses in connection with the pending action; and I should be awarded such further relief as the Court may deem appropriate.


October 5, 2009                          Gertrude M. Starkey,

                                         Gertrude M. Starkey
                                         117 Grissom Road
                                         Manchester, CT 06042
                                         (860)-643-5774

## LOCAL RULE 37.1 CERTIFICATION

I, the Defendant Gertrude M. Starkey, hereby represent that the provisions of Local Rule 37.1 have been satisfied, in that the Plaintiffs' counsel, Lawson Williams, informed me by letter dated July 28, 2009 that he refuses to meet and confer to resolve any discovery dispute, a copy of his letter being attached hereto and marked Exhibit A.

Gertrude M. Starkey,

Gertrude M. Starkey
117 Grissom Road
Manchester, CT 06042
(860)-643-5774

## CERTIFICATION OF SERVICE

I hereby certify and represent that I served a true copy of the foregoing "Memorandum in Support of Motion for Sanctions and an Order to Hold the Plaintiff Anne E. Harhay in Contempt of Court for Her Failure and Refusal to Comply With the Court's September 11, 2009 Order" on the plaintiffs' attorney, namely Lawson Williams, by mailing the same to him, postage prepaid, at Korde & Associates, P.C., 321 Billerica Road, Suite #210, Chelmsford, MA 01824 on the fifth day of October, 2009.

October 5, 2009

Gertrude M. Starkey
117 Grissom Road
Manchester, CT 06042
(860)-643-5774